IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02854-TPO

RUPINDER SINGH,

      Petitioner,

v.

JUAN BALTAZAR, Warden,
Denver Contract Detention Facility,

TODD LYONS, Acting Director,
U.S. Immigration and Customs Enforcement,

MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland Security, and

TODD BLANCHE, Acting U.S. Attorney General,

in their official capacities,

      Respondents.

---

## MINUTE ORDER

---

**Entered by Timothy P. O'Hara, United States Magistrate Judge, on July 6, 2026.**

This matter comes before the Court upon the Petition for Writ of Habeas Corpus [ECF 1]. Petitioner is currently detained by immigration authorities and seeks relief from being subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See* ECF 1 ¶¶ 6, 101. The Tenth Circuit, joining the Second, Sixth, and Eleventh Circuits, has now rejected Respondents' interpretation of the Immigration and Nationality Act's detention provisions and has held that § 1225(b)(2)(A) "does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Quiroz v. Mullin*, -- F.4th --, 2026 WL 1876709 (10th Cir. June 30, 2026).

Within one business day, by **July 7, 2026**, Petitioner shall serve Respondents with the Petition and this Order to Show Cause by email and overnight mail pursuant to the service requirements outlined in Fed. R. Civ. P. 4(i) and promptly file proof of service.

Respondents are hereby **Ordered to Show Cause**, within three business days, by **July 9, 2026**, why the Petition should not be granted in light of *Quiroz*. By the same deadline of **July 9, 2026**, the Parties shall complete and file the Magistrate Judge Consent Form [ECF 3].

Once the Respondents have filed their Response, the Court will determine whether additional briefing is needed or whether the Petition must be granted.